IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LARRY THOMAS BYRNE, | ) | |
| | ) | Civil No. 03-1334-JE |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAN HILL, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Ruben L. Iniguez
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his conviction for Assault in the First Degree on several constitutional grounds. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) should be denied, and judgment should enter dismissing this case with prejudice.

**BACKGROUND**

On July 13, 1997, petitioner went to the home of his half-brother, James Byrne ("James"), to return some tools. Petitioner and James began to argue. James was holding a trailer hitch, and petitioner had retrieved his .44-caliber magnum pistol from his truck. Petitioner fired a single, non-fatal shot which struck James in the right cheek and neck.

The Jackson County Grand Jury returned an indictment charging petitioner with Attempted Murder, Assault in the First Degree, and Recklessly Endangering Another Person. Respondent's Exhibit 102. A jury found petitioner guilty of the Assault and Endangerment charges, but acquitted him of Attempted Murder. Petitioner received a 90-month sentence for the Assault conviction under Oregon's Ballot Measure 11,[1] and a concurrent 30-day sentence on the Endangering conviction.

---

[1] Oregon's Ballot Measure 11 (codified as O.R.S. 137.700) was passed in 1994 and imposed mandatory minimum sentences for certain crimes, including Assault in the First Degree.

2 - FINDINGS AND RECOMMENDATION

On direct appeal, petitioner challenged the legality of his Measure 11 sentence, but the Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Byrne, 166 Or.App. 678, 4 P.3d 774, rev. denied, 330 Or. 412, 8 P.3d 219 (2000).

Petitioner next filed for collateral review in Oregon's post-conviction ("PCR") courts, but the PCR trial court denied relief. Respondent's Exhibits 121-123. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court again denied review. Byrne v. Hill, 187 Or.App. 430, 67 P.3d 998, rev. denied 335 Or. 655, 75 P.3d 989 (2003).

Petitioner filed the current action on September 29, 2003. In his Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

1. The PCR trial court violated petitioner's right to due process when it failed to remove his court-appointed attorney based on a conflict of interest;

2. Trial counsel was ineffective when he:

    (a) Failed to obtain an unaltered tape containing petitioner's confession; and

    (b) Failed to move for a judgment of acquittal when the State failed to prove the use of a deadly weapon; and

3. Petitioner's Ballot Measure 11 sentence violated the U.S. Constitution's Guaranty and Equal Protection Clauses.[2]

---

[2] Petitioner explicitly abandons this claim. Memo in Support (#31), p. 18 FN 6.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Petition because: (1) petitioner's Ground One claim is procedurally defaulted and lacks merit; (2) petitioner's Ground Two claims are procedurally defaulted; and (3) petitioner's Ground Three claim fails to point to the real possibility of constitutional error and is without merit.

## DISCUSSION

I. **Exhaustion and Procedural Default.**

   A. **Standards.**

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A state prisoner has not fairly presented his federal claims to a state court unless he has referenced specific provisions of the federal constitution or statutes, or cited to federal case law. Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001).

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to

comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B. Analysis.**

1. Ground One: PCR Trial Court Due Process Violation.

In his first ground for relief, petitioner alleges that the PCR trial court violated his right to due process when it would not allow PCR counsel to withdraw. Respondent asserts that this claim was not properly preserved during petitioner's PCR trial, and therefore was not eligible for review by the Oregon Court of Appeals and Oregon Supreme Court.

There is no question that petitioner's PCR attorney filed a motion to withdraw on March 20, 2001. In counsel's affidavit supporting the motion to withdraw, he attested that petitioner had named him as the defendant in a civil rights complaint. Respondent's Exhibit 110, p. 3. The PCR trial court held a hearing on the motion to withdraw, where the following exchange ensued:

5 - FINDINGS AND RECOMMENDATION

>           Court:              Okay.   And, Mr. Byrne, you've had your
>                               attorney, Mr. Bettis, file a motion for
>                               withdrawal here and could you tell me the
>                               reasons why you want to have a new attorney.
>
>           Petitioner:         I believe that my issues are being weakened or
>                               killed for whatever happens on this level. I
>                               won't have any issues available when I get to
>                               the next level on the Federal petition.
>
>           Court:              Are those all the reasons that you have for
>                               desiring a different attorney?
>
>           Petitioner:         Right.
>
>           Court:              And are those the same reasons that you have
>                               asserted in the complaint that you filed
>                               against Mr. Bettis?
>
>                                    * * * * *
>
>           Petitioner:    Right.

Respondent's Exhibit 119, pp. 4-5.

Counsel for petitioner then informed the court that he was satisfied that he was covering all of the issues that petitioner needed for any subsequent state or federal appeals. Id at 5-6. The PCR trial court concluded that it did not see "any reasons, in the substantial interest of justice, then, to withdraw Mr. Bettis from representation here today." Id at 6.[3] It also found that "[t]he elements in the civil rights violation complaint that's

---

[3] Petitioner filed another motion asking the PCR trial court to remove counsel from the case on June 28, 2001, but this was the same day the PCR trial court rendered its opinion. Respondent's Exhibit 124 at ER 35-37; Respondent's Exhibit 121. Counsel also filed a subsequent motion to withdraw on June 28, 2001, but this was well after the PCR trial court issued its decision in the case. Respondent's Exhibit 124 at ER 32.

alleged appear to be the exact same elements that I would otherwise deny and am denying here today as far as the withdrawal." Id.

Respondent argues that the due process issue based on a conflict of interest is not preserved for two reasons. First, there was no objection taken to the PCR trial court's ruling denying the motion to withdraw. Second, petitioner's own sworn testimony explicitly limited the basis for his motion by asserting only that his claims were "being weakened or killed." This court focuses on respondent's second argument.

In petitioner's Appellant's Brief, he asserted that "when he filed a civil action against [PCR counsel] there became a very real conflict of interest." Respondent's Exhibit 124, p. 4. He argued that counsel was not performing adequately, and that it was a violation of his right to due process of law to be forced to proceed in a collateral proceeding with an attorney he did not want, when he simply wanted the ability to proceed *pro se*. Id at 4-5. The State objected to this argument as unpreserved. Respondent's Exhibit 125, pp. 6-7.

After a thorough review of the record, it is apparent that petitioner asked the PCR trial court to allow his attorney to withdraw only on the basis that he felt counsel was not presenting his strongest claims. He never asserted that due process required the court to remove counsel from the case due to a conflict of interest.

7 - FINDINGS AND RECOMMENDATION

Perhaps most importantly, petitioner never supported the motion to withdraw with any assertion that he wished to proceed *pro se*. To the contrary, the PCR trial court twice asked why he wanted a new attorney, and petitioner failed to advise the court that he was not asking for another attorney. The issue before the PCR trial court, therefore, was the adequacy of Bettis' performance.

By contrast, petitioner's Appellant's Brief focused on his alleged desire to proceed *pro se* when he asserted "that there are two extremely relevant facts that are of vital importance. One, Petitioner was only moving the court to allow the withdrawal of the court appointed counsel Bettis. Two, Petitioner was not moving the court for substitution of court appointed counsel." Respondent's Exhibit 124, p. 19. Whether to substitute court-appointed counsel is an entirely different issue than whether to allow a litigant to proceed *pro se*.

Although petitioner clearly presented a due process claim to the Oregon Court of Appeals which focused on the PCR trial court's refusal to allow him to proceed *pro se*, he had not first fairly presented it to the PCR trial court as required by Oregon law. See O.R.A.P. 5.45(4)(a)(each assignment of error must be preserved in the lower court). This court therefore finds that the Ground One claim petitioner presents in this proceeding was not preserved for appellate review. As the time for presenting his claim to the PCR trial court has passed, the claim is procedurally defaulted.

8 - FINDINGS AND RECOMMENDATION

2. <u>Ground Two: Ineffective Assistance of Counsel</u>.

Petitioner faults his trial attorney for failing to obtain an unedited version of his taped confession, and for failing to argue in a motion for acquittal that the prosecution failed to prove that the firearm he used to shoot his half-brother was a deadly weapon. While the Petition for Review did identify these as claims he raised in his PCR trial, it did not present them to the Oregon Supreme Court as claims for consideration. <u>See</u> Respondent's Exhibit 126. Indeed, the issues listed in the "Question Presented" section of the Petition for Review all pertained to the PCR trial court's decision to deny PCR counsel's motion to withdraw. <u>Id</u> at 1. The court therefore concludes that petitioner failed to exhaust his ineffective assistance of counsel claims because he did not fairly present them to the Oregon Supreme Court. As the time for presenting these claims to the Oregon Supreme Court passed long ago, they are procedurally defaulted.

Petitioner has not demonstrated cause and prejudice, nor has he made a colorable showing of actual innocence sufficient to excuse the default of his claims.

II. **The Merits**.

In his sole remaining claim, petitioner asserts that his sentence for Assault in the First Degree which was imposed pursuant to Ballot Measure 11 violates his right to equal protection.
///

A.  **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

B. **Analysis**.

Petitioner claims that his Measure 11 sentence violates the Equal Protection Clause of the United States, and asks the court to apply strict scrutiny in evaluating this claim.[4] In the context of a § 2254 habeas corpus action, the Ninth Circuit, applying clearly established federal law, previously held that Oregon's Ballot Measure 11 does not violate equal protection principles because it "mandates the same treatment for any person . . . who commits a particular crime." Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001). Accordingly, upon an independent review of the record, the

---

[4] To the extent petitioner attempts to challenge his sentence based on his right to due process and to be free from cruel and unusual punishment, these claims were not alleged in the Petition and are therefore not properly before the court. See Rule 2 of the Rules Governing Section 2254 Cases (requiring all grounds for relief to be included in the Petition).

11 - FINDINGS AND RECOMMENDATION

Oregon state court decisions denying relief on this claim are neither contrary to, nor unreasonable applications of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 30 day of March, 2005.

John Jelderks
United States Magistrate Judge