IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY THOMAS BYRNE,

        Petitioner,

vs.

JEAN HILL,

        Respondent.
_____

Civil No. 03-1334-JE

ORDER

REDDEN, Judge:

      Magistrate Judge Jelderks filed his findings and recommendation on March 31, 2005, recommending that petitioner's habeas corpus petition be denied and judgment entered dismissing this case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. When a party objects to any portion of a magistrate judge's findings and recommendation regarding the disposition of any motion excepted in subsection (b)(1)(A), the district court must make a de novo determination of the specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

      Petitioner has timely filed objections. I have, therefore, given the file of this case a de novo review. I agree with Judge Jelderk's conclusion that petitioner's habeas corpus

1      - ORDER

petition should be denied.

Petitioner challenges his conviction for assault in the first degree on several constitutional grounds. First, petitioner alleges the post-conviction (PCR) court violated his due process rights when it did not allow his PCR court counsel to withdraw. I agree with Judge Jelderks that this claim is procedurally defaulted. Although petitioner did present to the Oregon Court of Appeals a claim focusing on the PCR court's refusal to allow him to proceed *pro se*, that claim is defaulted because his request to the PCR court did not include a request to proceed *pro se*, but rather a request for a new attorney. Whether to substitute court-appointed counsel is a different issue than whether to allow an individual to proceed *pro se.*

Second, petitioner argues he received ineffective assistance of trial counsel in several respects. This claim is also procedurally defaulted. Petitioner failed to present this claim to the Oregon Supreme Court for its consideration. Further, petitioner has not demonstrated the cause, prejudice, or actual innocence sufficient to excuse the default.

Finally, petitioner argues his sentence for assault in the first degree, imposed pursuant to Ballot Measure 11, violates his right to equal protection. I agree with Judge Jelderks that the claim fails because the Ninth Circuit Court of Appeals has previously held that Ballot Measure 11 does not violate equal protection principles because it "mandates the same treatment for any person . . . who commits a particular crime." Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001).

Therefore, I ADOPT the Magistrate Judge's findings and recommendation (doc. 36) that petitioner's habeas corpus petition (doc. 2) should be denied and judgment entered dismissing this case with prejudice.

IT IS SO ORDERED.

Dated this 10th day of May, 2005.

                                                      /S/ James A. Redden
                                                       James A. Redden
                                        United States District Judge